Joseph Life, J.
The petitioners in this proceeding brought pursuant to article 78 of the CPLD seek a judgment directing the respondent11 to adopt, establish and promulgate a secondary summer school salary schedule which complies with the Education Law of the State of Hew York ”.
The parties agree that summer school programs are voluntary. The Education Law provides for a minimum salary to be paid to “ all full-time teachers ” (Education Law, § 3102, subd.
*740 1; § 3101, subd. 1). The legislative intention to mandate a minimum salary only for full-time teachers as expressed in sections 3101, 3102 and 3103 of the Education Law becomes even clearer when considered in the light of the provisions of subdivision 5 of section 3103. That section provides that “ Teachers not holding permanent or provisional certification ” may be paid at a rate less than that provided for full-time teachers. The statute also defines 1 ‘ salary ’ ’ as the compensation paid to a teacher for services rendered during a full 10 months’ period when the schools, are required by law to be in session and should such a teacher be required to render service beyond the 10 months’ period the compensation must be prorated (Education Law, § 3101, subd. 3). Boards of Education are not required to provide summer school programs, and teachers are not compelled to serve when the additional schooling is made available. Such service is on a voluntary basis. It follows, therefore, that the summer school salary schedule adopted by the respondent need nbt comply with the provisions of sections 3102 and 3103 of the Education Law. For comparison it may be noted that it has been held that the statutory provisions fixing salaries did not apply to evening high school teachers (Matter of Phillips v. Board of Educ. of City of N. Y., 81 N. Y. S. 2d 827, affd. 275 App. Div. 674).
In the light of the foregoing, there is no basis for granting the relief sought herein and the petition is dismissed.